# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RUAL TRADE LTD.,**
        **Plaintiff,**

     v.                                              Case No. 07-C-1015

**VIVA TRADE LLC, VLADIMIR ROMANOV,**
**ROMAN ROMANOV and UKIO BANKAS**
**INVESTICINE GROUP,**
        **Defendants.**

---

## ORDER

On June 25, 2007, plaintiff Rual Trade Ltd., a foreign corporation, filed this action in Waukesha County Circuit Court against defendants Viva Trade LLC, a Wisconsin corporation; Vladimir Romanov and Roman Romanov, individual citizens of a Lithuania; and Ukio Bankas Investicine Group ("Ukio"), a company operating in Lithuania. Plaintiff alleges that the defendants are in violation of an arbitration award issued under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Viva Trade did not timely respond to the complaint or ask for an extension of time. Plaintiff filed a motion for default judgment against Viva Trade in state court, and, after a hearing, the court stated that it would reserve issuing a final ruling on the motion until after Viva Trade responded to the complaint, so that the court could examine whether it had a viable defense to the complaint.

On November 15, 2007, the defendants removed this action to federal court and filed motions to dismiss the case.[1] On November 30, 2007, plaintiff filed a motion to stay

---

[1]The defendants removed the case under the Federal Arbitration Act, which provides defendants with a right to a federal forum in a case involving an arbitration award

briefing on the motions to dismiss until plaintiff could file a motion to remand the case and the parties could brief it. Plaintiff apparently then thought better of filing a motion to remand and, on December 6, 2007, filed a superceding motion to stay briefing on the motions to dismiss, this time on the ground that plaintiff will soon be filing a motion for default judgment against Viva Trade based on the default discussed above.

As defendants note, plaintiff's anticipated motion for default judgment will address only one defendant, while all of the defendants have filed motions to dismiss.[2] In addition, the state court reserved issuing a final ruling on the motion for default judgment until it could consider the viability of Viva Trades defenses. Thus, briefing the motions to dismiss would assist me in deciding the anticipated motion for default judgment. As such, I will deny plaintiff's motion to stay. However, I will grant plaintiff additional time to respond to the defendants' motions to dismiss.

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's motion to stay, filed on November 30, 2007, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay, filed on December 6, 2007, is **DENIED**.

---

falling under Convention on the Recognition and Enforcement of Foreign Arbitral Awards. See McDermott Int'l v. Lloyds Underwriters of London, 944 F.2d 1199, 1208 n.12 (5th Cir. 1991).

[2] All of the defendants have raised a defense based on the doctrine of Forum Non Conveniens. The Romanovs and Ukio have additionally asserted that I lack personal jurisdiction over them and that plaintiff's complaint fails to state a claim, and Viva Trade has additionally asserted that plaintiff's claim must be arbitrated.

**IT IS FURTHER ORDERED** that plaintiff is ordered to respond to the defendants' motions to dismiss by **January 7, 2008**.

Dated at Milwaukee, Wisconsin this 17 day of December, 2007.

/s_____
LYNN ADELMAN
District Judge